**Order filed October 20, 2016.**



In The

# Fourteenth Court of Appeals

_____

## NO. 14-16-00130-CV

_____

## IN RE TREY MELCHER AND YVONNE MELCHER, ET AL., Relators

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**215th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2011-52524**

---

## CONTINUING ABATEMENT ORDER

On February 19, 2006, relators[1] filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code Ann. § 22.221 (West. 2004). In the petition, relators requested that this court compel the Honorable Elaine Palmer, Judge of the 215th

---

[1] Relators are Trey Melcher and Yvonne Evie Melcher, Trustees of the Evie Melcher Non-Exempt Trust; Melcher Investments; and Bill E. Lewis and Richard L. Kerr, Jr., Co-Trustees of the Lucille Birmingham Melcher Management Trust and the Leroy Melcher Marital Deduction Trust, and former Co-Trustees of the Evie Melcher Non-Exempt Trust, and as for Co-Executors of the Estate of Lucille Birmingham Melcher (collectively, the "Melchers").

District Court, Harris County, Texas, to set aside her August 28, 2015 order granting the supplemental motion for sanctions filed by Harris County in trial court cause number 2011-52524, styled *Harris County, et al. v. S.K. Brothers, Inc., et al.*

On May 31, 2016, relators filed an agreed motion to abate this original proceeding for at least sixty days to allow the parties to explore settlement options. On June 2, 2016, we granted the relators' agreed motion to abate, abated the case for a period of sixty days from the date of the abatement order, and directed relators and real parties in interest to advise this court of the status of the settlement.

Upon the advisement of Harris County that the parties were still attempting to settle the case, we issued an order on August 11, 2016, continuing abatement for an additional period of seventy-five days from the date of the order, and directed the parties to advise the court of the status of the settlement.

On October 12, 2016, relators advised this court that the parties are still attempting to settle the case, and requested that the abatement be continued for an additional ninety days. We **GRANT** the request.

Therefore, the abatement of this case is continued for an additional period of ninety days, at which time relators and real parties in interest are directed to advise the court of the status of the settlement. The original proceeding will be reinstated on this court's active docket when the parties file a motion to dismiss the original proceeding or other dispositive motion. This court will also consider an appropriate motion to reinstate the original proceeding, or the court may reinstate the original proceeding on its own motion.

It is so ORDERED.

PER CURIAM